UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON W. STEWART, § | CASE NO. |
| Plaintiff, § | |
| vs. § | JUDGE |
| PENNYMAC LOAN SERVICES, LLC, § | |
| Defendant. § | MAGISTRATE JUDGE |

## NOTICE OF REMOVAL

Defendant Pennymac Loan Services, LLC ("Pennymac") hereby files this Notice of Removal from the District Court, 19th Judicial District Court, in and for the Parish of East Baton Rouge, Louisiana, in which the action is now pending under Case Number C-728967, to the United States District Court for the Middle District of Louisiana, and respectfully states as follows:

### I. FACTUAL BACKGROUND

On February 16, 2023, Plaintiff commenced an action by filing a complaint in the District Court in and for East Baton Rouge Parish, Louisiana, Case No. C-728967, styled *Brandon W. Stewart vs. PennyMac Loan Services, LLC* ("State Court Action"). On February 24, 2023, Pennymac was served with the complaint. Plaintiff's Petition seeks the return of $152,254.20 and other sums that he allegedly paid to Pennymac for a mortgage on property owned by his girlfriend. Pennymac has not filed an answer or otherwise responded to Plaintiff's complaint. As of the date and time of filing this Notice of Removal, the State Court Action has not been set for trial.

132358431v.1

Pennymac seeks to remove Plaintiff's Petition to the United States District Court for the Middle District of Louisiana. Pennymac's notice of removal is timely pursuant to 28 U.S.C. § 1446(b). Specifically, Pennymac's deadline to remove the action is March 27, 2023, thirty (30) days from the date of service of the complaint. *See* 28 U.S.C. § 1446(b); Bailey v. Janssen Pharmaceutical, Inc., 536 F.3d 1202, 1205 (11th Cir. 2008).

Pursuant to 28 U.S.C. § 1446(a), Pennymac attaches hereto as **Composite Exhibit A**, a copy of the state court file in this action, including copies of all process, pleadings, orders and other papers or exhibits of every kind. Pennymac represents that it will file with the Clerk of the District Court in and for East Baton Rouge Parish, Louisiana, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d), and will give written notice thereof to Plaintiff. A copy of said Notice, without exhibits, is attached hereto as **Exhibit B**.

Pursuant to 28 U.S.C. § 1441(d), venue properly rests in the United States District Court for the Middle District of Louisiana, because the District Court embraces the Circuit Court of the 19th Judicial District in and for East Baton Rouge Parish, Louisiana where the State Court Action was originally commenced. Under 28 U.S.C. § 1446(a), this Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## II. GROUNDS FOR REMOVAL

1. This suit is a civil action over which this Court has original subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 (diversity jurisdiction), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of

interest and costs, and is between citizens of different states as Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff.

2.  For the purposes of diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff Brandon W. Stewart is a citizen of the State of Louisiana, while Defendant Pennymac is a non-Louisiana citizen.

3.  According to the Petition, Plaintiff Brandon W. Stewart is domiciled in the Parish of West Baton Rouge, State of Louisiana. For purposes of diversity jurisdiction, "[a] natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985)). Plaintiff is a natural person and has claimed West Baton Rouge Parish, Louisiana, as his residence and domicile. Accordingly, Plaintiff is a citizen of Louisiana for diversity purposes.

4.  Defendant PennyMac Loan Services, LLC is a Delaware limited liability company. Defendant is wholly owned by its sole member Private National Mortgage Acceptance Company, LLC ("PNMAC"). PNMAC is a Delaware limited liability company owned by its two members (1) PennyMac Financial Services, Inc., a publicly held Delaware corporation with a principal place of business located in Westlake Village, California, and (2) PNMAC Holdings, Inc., a Delaware Corporation with its principal place of business located in Westlake Village, California. Thus, for the purposes of diversity jurisdiction, Defendant Pennymac is a citizen of Delaware and California.

5. Because Plaintiff Brandon W. Stewart is a citizen of the State of Louisiana, and Defendant Pennymac is a citizen of the State of Delaware and California, complete diversity exists between Plaintiff and Defendant.

6. Further, according to the allegations contained in Plaintiff's Petition, the amount in controversy exceeds $75,000.00. Plaintiff seeks $152,254.20 from Pennymac, in addition to other sums of which he alleges the total amount is yet to be determined. Thus, on the face of the Petition, Plaintiff's demand exceeds the jurisdictional minimum of $75,000 set forth in 28 U.S.C. § 1332(a). Therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332(a).

### III.    ADOPTION AND RESERVATION OF DEFENSES

Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Pennymac's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitration of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

In the event the Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Pennymac respectfully request the opportunity to submit additional arguments or evidence in support of removal as may be necessary.

132358431v.1

## IV.    CONCLUSION

Removal of this case is timely and appropriate, and this Court has diversity jurisdiction over this action. Pennymac respectfully requests that this Court take jurisdiction over this matter and remove this action from the District Court in and for East Baton Rouge Parish, Louisiana, to the United States District Court for the Middle District of Louisiana.

Dated:  March 24, 2023                **LOCKE LORD LLP**

*/s/ Bradley C. Knapp*
Bradley C. Knapp (#35867)
Peyton C. Lambert (#32537)
Natalie W. Dawson (#36723)
LOCKE LORD LLP
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone (504) 558-5100
Facsimile (504) 558-5200
Email: bknapp@lockelord.com
Natalie.Dawson@lockelord.com

132358431v.1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by Electronic Mail, on March 24, 2023.

John P. Aydell, Jr.
DAMPF, EDWARDS, THIBAUT & AYDELL, LLC
6700 Jefferson Hwy., Building 3
Baton Rouge, Louisiana 70806
Email: john@aydell.net
*Attorney for Plaintiff*

                                             */s/ Bradley C. Knapp*
                                             Bradley C. Knapp